UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| TONY PIATT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 10-CV-2051 |
| ) | |
| JOSEPH S. EISENHAUER, LARRY ) | |
| THOMASON, DOUG MILLER and ) | |
| BOB RICHARD, ) | |
| ) | |
| Defendants. ) | |

## OPINION

This case is before the court for ruling on the Petition to Assess Attorney's Fees (#19) filed by Defendants Joseph S. Eisenhauer, Larry Thomason, Doug Miller and Bob Richard. Plaintiff, Tony Piatt, has filed a Memorandum of Law in Opposition to Petition to Assess Attorney's Fees (#21). This court has carefully considered the arguments of the parties. Following this careful and thorough review, Defendants' Petition to Assess Attorney's Fees (#19) is GRANTED.

BACKGROUND

Plaintiff filed a Complaint (#1) in this court under 42 U.S.C. §§ 1981 and 1983 alleging that he was denied equal protection under the Fourteenth Amendment because of his race. Plaintiff, who is Caucasian, alleged that he was discriminated against and fired to placate the concerns of African American citizens in Danville, Illinois.

On May 2, 2011, this court entered an Opinion (#16) and granted Defendants' Motion for Summary Judgment. The undisputed facts showed that Plaintiff had been a police officer since 1995. On March 8, 2008, Plaintiff was off duty and, at approximately 2:00 a.m., argued with Willie Thomas and Benny Rhodes, who are African American, at a Steak and Shake restaurant in Danville. Plaintiff then pulled his off duty weapon and pointed it at Rhodes. Plaintiff's off duty weapon was

a Smith and Wesson .38 revolver which was loaded and had no safety. Plaintiff testified at his deposition that the muzzle of his gun was pointed at Rhodes' head from about 18 inches away. Following this incident, Plaintiff was placed on administrative leave while the Vermilion County Sheriff's Office conducted an investigation of the incident. When that investigation was completed about two weeks later, Plaintiff briefly returned to work and an internal affairs investigation was commenced on March 26, 2008. Following this investigation, Plaintiff's employment was terminated.

This court concluded that the facts of this case showed that Plaintiff engaged in extremely inappropriate, dangerous conduct on March 8, 2008. This court noted that, following an arbitration hearing, the arbitrator concluded that there was just cause for the termination of Plaintiff's employment. The arbitrator stated, "[n]o police department can afford to employ a sworn officer who behaves in this manner. Police officers are employed to protect the public, not threaten to kill them over petty slights." This court then concluded that Plaintiff had provided no evidence to support his argument that the decision to terminate his employment was made because of the outcry from the African American community. This court stated:

> First of all, Plaintiff did not dispute that his employment was terminated as a result of the internal affairs investigation. In addition, the fact that there was a public reaction to this incident is understandable and does not mean that Defendants could not make the decision to impose appropriate discipline. Stated simply, the record firmly supports the conclusion that the decision to terminate Plaintiff's employment was justified based upon Plaintiff's conduct.

2

> Plaintiff has produced nothing but speculation to support his argument that he would not have been terminated if he was African American.

This court also rejected Plaintiff's argument that Defendants' failure to thoroughly investigate the incident "could lead a jury to conclude that the Defendants were trying to quickly push through [Plaintiff's] termination to appease the African American community." This court concluded that Plaintiff could not complain that Defendants did not conduct an adequate inquiry into his actions when there was no real dispute regarding those actions. Plaintiff testified at his deposition that he pulled out his loaded .38 revolver and pointed it at Rhodes' head, with the muzzle about 18 inches away. This court again pointed out that the evidence showed that Plaintiff was disciplined for conduct in which he admittedly engaged.

This court concluded that Plaintiff made no showing that there was any genuine dispute of material fact and provided no evidence, circumstantial or otherwise, that any of the Defendants engaged in discrimination based upon his race. This court therefore granted summary judgment to all Defendants on Plaintiff's claim.

## COSTS AND ATTORNEY'S FEES

### 1. BILL OF COSTS

On May 5, 2011, Defendants filed their Bill of Costs (#18). Defendants sought costs in the amount of $818.63 and attached documentation detailing the recoverable costs they incurred in successfully defending this action. Plaintiff did not file an objection to the Bill of Costs, so costs were taxed against Plaintiff in the amount of $818.63.

### 2. ATTORNEY'S FEES

On May 12, 2011, Defendants filed a Petition to Assess Attorney's Fees and Memorandum in Support Thereof (#19). Defendants argued that "Plaintiff's claim was so utterly without merit that it should not have been filed." Defendants also argued that they incurred unnecessary attorney's fees in defending themselves. Defendants pointed out that Plaintiff did not dispute any of the six pages of Undisputed Material Facts contained in Defendants' Motion for Summary Judgment, agreed that summary judgment should be granted as to Defendant Miller, admitted that his employment was terminated because of the incident at Steak and Shake and submitted only inadmissible exhibits in opposition to the Motion for Summary Judgment.

On May 31, 2011, Plaintiff filed a Memorandum of Law in Opposition to Petition to Assess Attorney's Fees (#21). Plaintiff argued that Defendants are not entitled to an award of fees based upon the applicable law. Plaintiff argued that he "certainly presented some evidence in support of his claim." Plaintiff also argued that Defendants' Petition for Attorney's Fees should be denied because Defendants did not set out the amount of reimbursement they are seeking or identify the hours spent. Plaintiff argued that the Petition did not afford him "the opportunity to specifically address the specifics of the fees being sought."

In any action proceeding pursuant to 42 U.S.C. § 1981 and § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "Although the statute specifies the award of such fees is within the court's discretion, it is clear that prevailing defendants have a much harder row to hoe than do prevailing plaintiffs." Roger Whitmore's Auto. Servs., Inc. v. Lake County, Ill., 424 F.3d 659, 675 (7th Cir. 2005). The United States Supreme Court has held that a prevailing plaintiff "is to be awarded attorney's fees in all but special circumstances" but that a prevailing defendant is not entitled to an

award of attorney's fees unless a court finds that the plaintiff's claim "was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 417, 422 (1978). This standard has been applied to cases arising under § 1983. Hughes v. Rowe, 449 U.S. 5, 14-15 (1980); Roger Whitmore's Auto., 424 F.3d at 675. The Seventh Circuit has defined a suit as frivolous "if it has no reasonable basis, whether in fact or in law." Roger Whitmore's Auto., 424 F.3d at 675.

Defendants are not required to show bad faith, either subjective or objective, on the part of the plaintiff in order to recover § 1988 attorney's fees. Munson v. Milwaukee Bd. of Sch. Directors, 969 F.2d 266, 269 (7th Cir. 1992). Instead, Defendants are required to demonstrate that Plaintiff's action is "meritless in the sense that it is groundless or without foundation." Hughes, 449 U.S. at 14; Munson, 969 F.2d at 269. "[W]hen a civil rights suit is lacking in any legal or factual basis . . ., an award of fees to the defendant is clearly appropriate to deter frivolous filings and to ensure that the ability of the courts to remedy civil rights violations is not restricted by dockets crowded with baseless litigation." Munson, 969 F.2d at 269, quoting Coates v. Bechtel, 811 F.2d 1045, 1050 (7th Cir. 1987).

This court notes that the undisputed evidence presented to this court showed that Plaintiff engaged in extremely inappropriate, dangerous conduct. Based upon the undisputed evidence, the only rational conclusion was that the termination of Plaintiff's employment was clearly warranted. This court concluded in ruling on the Motion for Summary Judgment, and again concludes, that Plaintiff provided no evidence, circumstantial or otherwise, in support of his claim that he was discriminated against because of his race, Caucasian. Plaintiff's claim was based solely on speculation and conjecture. "Speculation alone is insufficient to support a lawsuit." Munson, 969

5

F.2d at 270. A fee award under § 1988 is appropriate when a suit is found to lack a sufficient basis in fact. Munson, 969 F.2d at 270. In Munson, the Seventh Circuit upheld an award of attorney's fees to the defendants where the undisputed evidence showed that the plaintiff resigned after being confronted with his violation of the residency requirement and there was no factual basis for his lawsuit claiming that the actions which led to his resignation were motivated by his union activities. Munson, 969 F.2d at 270-71. The Seventh Circuit concluded that the suit had no basis in fact so that the district court did not abuse its discretion in finding that the plaintiff's § 1983 suit was frivolous and warranted an award of attorney's fees to the defendants. Munson, 969 F.2d at 270.

This court recognizes that a weak case does not a frivolous case make. See Roger Whitmore's Auto., 424 F.3d at 675-76; see also Khan v. Gallitano, 180 F.3d 829, 837 (7th Cir. 1999) ("There is a significant difference between making a weak argument with little chance of success . . . and making a frivolous argument with no chance of success."). However, this court concludes that, like the suit in Munson, this case was more than just weak, it was frivolous. Plaintiff was terminated for pointing a loaded gun at a citizen's head and there was no factual basis for his lawsuit claiming that he was terminated based upon his race. Therefore, an award of attorney's fees to Defendants is warranted. See Munson, 969 F.2d at 270; Hopkins v. State of Ill., 2007 WL 3253329, at *3 (C.D. Ill. 2007) (court awarded reasonable attorney's fees where the § 1983 action was "frivolous, unreasonable or groundless" from the beginning of the litigation); Huettl v. Becker, 2003 WL 23269531, at *7 (W.D. Wis. 2003) (court concluded that the plaintiffs' § 1983 claim was frivolous in the sense that it was "groundless or without foundation" and awarded attorney's fees to the defendant).

Defendants are allowed fourteen (14) days to file an affidavit setting out the amount of

attorney's fees they incurred. The affidavit should clearly set out the hours expended by their attorney and a basis for the hourly rate charged by their attorney.

This court agrees with Plaintiff that he should be allowed an opportunity to specifically address the attorney's fees sought by Defendants. Therefore, Plaintiff is allowed fourteen (14) days from the date Defendants' affidavit is filed to file objections to the amount of attorney's fees sought.

IT IS THEREFORE ORDERED THAT:

(1) Defendants' Petition to Assess Attorney's Fees (#19) is GRANTED.

(2) Defendants are allowed fourteen (14) days to file an affidavit setting out the amount of attorney's fees they incurred. The affidavit should clearly set out the hours expended by their attorney and a basis for the hourly rate charged by their attorney.

(3) Plaintiff is allowed fourteen (14) days from the date Defendants' affidavit is filed to file objections to the amount of attorney's fees sought.

ENTERED this 5th day of July, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE